IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 14 A 10: 37

CLERK _L. LaVictoir_
S . DIST. OF GA.

| | |
|---|---|
| RUFUS L. KING, JR., ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV205-125 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR299-28) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rufus King ("King"), an inmate currently incarcerated at the Federal Correctional Institution in Texarkana, Texas, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255. Respondent filed a Motion to Dismiss, and King filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

King was indicted in the Southern District of Georgia on six (6) counts of distribution of cocaine, in violation of 21 U.S.C.A. § 841(a); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c); and one count of possession of a firearm by a convicted felon/armed career criminal, in violation of 18 U.S.C.A. §§ 922(g)(1) and 924(e). King pleaded guilty to distribution of cocaine. On November 9, 1999, King was sentenced to 250 months' imprisonment, five (5) years' supervised release, and a $100 special assessment. King did not file a direct appeal with

AO 72A
(Rev. 8/82)

the Eleventh Circuit Court of Appeals. On October 11, 2002, King's sentence was reduced to 148 months' imprisonment, after the Government filed a motion pursuant to FED. R. CRIM. P. 35(b) on his behalf.

In his instant motion, which was filed in this Court on June 20, 2005, King asserts that the Honorable Anthony A. Alaimo lacked jurisdiction to enhance his sentence based on information provided by the United States Probation Office. King also asserts that Judge Alaimo lacked the authority to enhance his sentence based on the preponderance of evidence standard rather than the beyond a reasonable doubt standard. King contends that the Supreme Court's decision in Booker v. United States, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), requires this Court to sentence him based solely on facts reflected in a jury verdict or admitted to by him. King alleges that his sentence was also enhanced improperly based on incriminating information he provided to the probation officer.

Respondent avers that King's motion is untimely filed because he did not file it within one year of his conviction becoming final. Alternatively, Respondent also avers that King waived his right to appeal or to attack his sentence during his re-sentencing proceedings and that the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), and Booker do not apply retroactively to cases on collateral review.

## DISCUSSION AND CITATION TO AUTHORITY

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code Section 2255 to accelerate the process for filing habeas corpus petitions. This amendment sets forth a one-year statute of

limitations within which prisoners must file their federal habeas petitions. 28 U.S.C.A. § 2255. According to section 2255, the statute of limitations period shall run from the latest of four possible dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

King was sentenced in this Court on November 9, 1999. King had ten (10) days in which to file a notice of appeal. FED. R. APP. P. 4(b)(1). King did not do so, and thus, his conviction became "final"[1] on November 23[2], 1999. King then had one year to file a timely section 2255 motion in this Court, or until November 23, 2000. See 28 U.S.C.A. § 2255, ¶ 6(1). King filed the instant section 2255 motion on June 20, 2005, nearly (5) years after

---

[1] King's conviction may have become "final" within the meaning of section 2255 on October 21, 2002, which was ten (10) days after he was re-sentenced in this Court. For purposes of this section 2255 motion, however, such a discussion is irrelevant, as King clearly did not file the instant motion within one (1) year of his original sentencing date or his re-sentencing date.

[2] The Government contends that King's conviction became final on November 19, 1999, and thus, he had until November 19, 2000, to file a timely § 2255 motion. However, FED. R. APP. P. 26(a)(2) provides that, in computing any period of time, Saturdays and Sundays are not included when the period of time is less than 11 days, unless stated in calendar days. FED. R. APP. P. 4(b)(1) does not state that the ten day period for filing a timely notice of appeal is ten calendar days; thus, it is appropriate to exclude Saturdays and Sundays in computing the time in which King had to file a notice of appeal. See FED. R. APP. P. 26(a)(2) advisory committee's notes for 2002 amendments.

3

AO 72A
(Rev. 8/82)

the applicable statute of limitations expired. King's motion is untimely under section 2255. King's classification of the arguments he presents in his section 2255 motion as "jurisdictional defects" which cannot be waived is unavailing.

It is unnecessary to address the alternative grounds upon which Respondent moves for dismissal of the instant cause of action.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED** and that King's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___ day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)